

**Signed and Filed: January 22, 2026**

_____

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 11-51135-DM |
| CLAUDE DENNIS WILKES, | ) |
| | ) Chapter 13 |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

**MEMORANDUM DECISION**

On December 9, 2025, the court held a hearing on several motions. Appearances were made on the record. At the end of the hearing, the court instructed the parties to submit supplemental briefing as to why the previous Order Granting Motion to Extend Time to Revoke Discharge ("Extension Order") (Dkt. 151) should not be vacated. The parties submitted their briefs by January 5, 2026.

Having reviewed the pleadings and for the reasons more fully stated below, the court will VACATE its Extension Order (Dkt. 151). The DeForest Building Condo. Owners Assoc.'s ("HOA") attempt to revoke Debtor's discharge in this case is untimely and Debtor has not waived his defense regarding timeliness.

1

1    As such, the court will GRANT Debtor's Motion to Strike

2  (Dkt. 132) and his Motion to Strike AP in Adversary Proceeding,

3  A.P. No. 25-05044.  Because the time to file a complaint to

4  revoke discharge in this case has elapsed, the court will also

5  DISMISS that Adversary Proceeding.

6  **Background**

7    Claude D. Wilkes ("Debtor") initially petitioned for relief

8  under Chapter 13[1] (Dkt. 1) on February 7, 2011, thereby beginning

9  a journey that has lasted nearly fifteen years.

10    Debtor's Third Amended Plan (the "Plan") (Dkt. 53) was

11 confirmed on December 20, 2012.

12    On October 13, 2016, the Chapter 13 Trustee ("Trustee")

13 provided the court with a Notice of Plan Completion (Dkt. 92)

14 indicating that all Plan payments to be made to the Trustee

15 and/or otherwise provided for under the Plan had been made.

16 However, the Trustee sought closure of the case *without* discharge

17 because (1) Debtor had not completed an instructional course

18 concerning personal financial management described in § 111 or

19 did not file a statement regarding completion of the course prior

20 to making the last Plan payment; and (2) Debtor had not filed a

21 declaration regarding the status of the loan modification as

22 required by the Plan.

23

24

25 [1]    Unless specified otherwise, all chapter and code
references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.
26 All "Civil Rule" references are to the Federal Rules of Civil
Procedure and all "Bankruptcy Rule" references are to the
27 Federal Rules of Bankruptcy Procedure.  "Civil L.R." and
"B.L.R." references refer to the applicable Civil Local Rules
28 and Bankruptcy Local Rules.

2

1       In light of the Trustee's Notice of Plan Completion, the
2  court entered a Final Decree (Dkt. 93) and closed the case
3  without a discharge (Dkt. 94) on November 23, 2016.

4       Over seven years later, Debtor returned to court and filed
5  an Ex Parte Application to Re-Open Bankruptcy Case (Dkt. 98) on
6  January 18, 2024, requesting that this case be re-opened so that
7  he could file his outstanding Certificate of Debtor Education
8  and declaration regarding the loan modification to obtain his
9  discharge. On the same day, Debtor lodged with the court a copy
10  of his Certificate of Debtor Education (Dkt. 100) which reflects
11  he completed the required course on financial management on
12  October 16, 2016.

13       Upon review of the application, the court entered an order
14  on January 23, 2024 (Dkt. 101) reopening this case. A few weeks
15  later, on February 7, 2024, Debtor filed a Declaration Regarding
16  Loan Modification (Dkt. 103) as required under the confirmed
17  Plan.

18       On February 8, 2024, Debtor filed a Debtor's Certification
19  in Support of Discharge ("Original Certification") (Dkt. 104).
20  The Original Certification is a form certification which
21  instructs the debtor to "mark one choice for each numbered
22  section."

23       Section 2 of the Original Certification provides two
24  options: "I HAVE NOT been required to pay a domestic support
25  obligation as that term is defined in 11 U.S.C. § 101(14A) by
26  any order of a court or administrative agency or by any statute,"
27  or alternatively, "I HAVE paid all domestic support obligations
28  as that term is defined in 11 U.S.C. § 101(14A) that have become

3

1 due on or before the date of this certification (including

2 amounts due before the petition was filed, but only to the extent

3 provided for by the plan) under any order of a court or

4 administrative agency or under any statute." Debtor did not

5 select either of the options under Section 2. The Original

6 Certification was signed under penalty of perjury.

7      Approximately two months later, Debtor filed an Amended

8 Debtor's Certification in Support of Discharge ("Amended

9 Certification") (Dkt. 108). This time, Debtor marked the first

10 choice under Section 2 stating that he had not been required to

11 pay a domestic support obligation ("DSO").

12      On April 26, 2024, the Trustee filed an Amended Final Report

13 (Dkt. 110) requesting that the court enter a discharge pursuant

14 to § 1328, and on April 29, 2024, the court entered its Order of

15 Discharge (Dkt. 111). The case was closed yet again on May 31,

16 2024.

17      Almost one year later, Debtor came back to court and filed

18 another motion to re-open his Chapter 13 case (Dkt. 116), this

19 time for the purpose of initiating an adversary complaint against

20 the HOA for alleged violation of the discharge injunction.

21      The HOA opposed reopening the case (Dkt. 122) and a hearing

22 was held on the matter on May 6, 2025. After the hearing, the

23 court entered an order reopening the case (Dkt. 125) on May 8,

24 2025. Soon thereafter, Debtor filed an adversary complaint (Adv.

25 No. 25-05016) against the HOA.

26      On August 13, 2025, the HOA filed a Motion to Extend Time

27 to Revoke Discharge (Dkt. 130). Debtor filed a Motion to Strike

28 in opposition ("Motion to Strike") (Dkt. 132). In his Motion to

4

Strike, Debtor argues that the HOA has had the Amended Certification on file since April 2024 and formal notice of the discharge since June 21, 2024, but has only moved to revoke the discharge over a year later.[2]  As such, Debtor asks the court to strike the HOA's request to extend the deadline pursuant to Civil Rule 12(f), made applicable by Bankruptcy Rule 7012.

The court held a hearing on that motion on August 28, 2025. The motion was granted on the record and the Extension Order (Dkt. 151) was entered by the court on September 3, 2025.

Promptly thereafter, the HOA filed the Complaint to Revoke Discharge ("Complaint") (Dkt. 1, A.P. No. 25-05044) on September 16, 2025, seeking to revoke Debtor's discharge for fraud pursuant to § 727(c)(d) and (e).  The gist of the HOA's argument is that Debtor checked the box on his Amended Certification stating that he had not been required to pay a DSO despite the fact that he received a Consent Judgment in the State of Louisiana in December 1999 requiring Debtor to pay child support; that he did so falsely and knowingly; that but for this alleged fraud, a

---

[2]  In his Motion to Strike, Debtor cites to Rules 4004(b)(1) and (2).  Rule 4004(b)(1) applies before a debtor has actually obtained a discharge, which is not relevant here.  Debtor's characterization of Rule 4004(b)(2) in his Motion to Strike is similarly inaccurate.  Rule 4004(b)(2) does not mention anything about fraud.  Instead, it provides that "[a]fter the time to object has expired and before a discharge is granted, a party in interest may file a motion to extend the time if: (A) the objection is based on facts that, if learned after the discharge is granted, would provide a basis for revocation under § 727(d); (B) the movant did not know those facts in time to object; and (C) the movant files the motion promptly after learning about them."

1  discharge would not have bene entered; and the HOA was unaware

2  of this alleged fraud until after the discharge had been granted.

3      Only four weeks later, Debtor filed his Motion to Strike

4  Adversary Complaint to Revoke Discharge Under FRBP 7012(f) and

5  11 U.S.C 1328(e) ("Motion to Strike AP") (Dkt. 7, A.P. No. 25-

6  05044).  He contended, inter alia, that the HOA had brought the

7  present action eighteen months after the discharge was entered

8  which fails to satisfy the statutory requirements of § 1328(e).

9      After a reassignment of this bankruptcy case, this court

10  held a scheduling conference on December 9, 2025.  At that

11  conference, the court directed the parties to file simultaneous

12  briefs as to whether an extension of time beyond the statutory

13  deadline of § 1328(e) was permitted under Bankruptcy Rule 9006.

14  Each party timely submitted their supplemental briefs.

15  **Discussion**

16   **A. The court may vacate its Extension Order**

17      Civil Rule 60(b)(1), incorporated by Bankruptcy Rule 9024,

18  provides that "[o]n motion and upon such terms as are just, the

19  court may relieve a party or a party's legal representative from

20  a final judgment, order, or proceeding for…reasons [of] mistake,

21  inadvertence, surprise, or excusable neglect…The motion shall be

22  made within a reasonable time and…not more than one year after

23  the judgment, order, or proceeding was entered or taken." Fed.

24  R. Civ. P. 60(b)(1).

25      Courts may exercise their inherent equitable powers to

26  vacate or modify an interlocutory order where it is in the

27  interest of justice.  *Sony Computer Entertainment America, Inc.*

28  *v. Filipiak*, 406 F.Supp.2d 1068, 1076 (N.D. Cal. 2005); *see also*,

1   *A & A Sign Co. v. Maughan*, 419 F.2d 1152, 1155 (9th Cir. 1969).

2   "The major grounds justifying reconsideration of interlocutory

3   orders are an intervening change of controlling law, the

4   availability of new evidence, or the need to correct a clear

5   error or prevent manifest injustice." *Filipiak*, 406 F.Supp.2d

6   at 1076 (citations omitted).

7       This inherent power to modify previously entered orders is

8   subject, however, to some limitations. *In re Sawtelle Partners,*

9   *LLC*, BAP No. CC-18-1032-TaLS, 2019 WL 2855786, at *9 (9th Cir.

10   BAP Jul. 1, 2019). Specifically, bankruptcy court "have the

11   power to reconsider, modify or vacate their previous orders so

12   long as no intervening rights have become vested in reliance on

13   the order." *In re Lenox*, 902 F.2d 737, 739-40 (9th Cir. 1990).

14       Upon *de* novo review, the court finds sufficient legal

15   justification for vacating the Extension Order. First, the

16   applicable order is not a final order, but interlocutory.

17   Therefore, the typical Civil Rule 60 factors for relief do not

18   apply. Second, although the controlling law has not changed

19   during the pendency of this case, nor has any new evidence been

20   brought to the attention of the court that would change, the

21   court finds that manifest injustice will be done if its previous

22   order is not vacated because the Extension Order was erroneous

23   as a matter of law; the applicable time limit is statutory, not

24   rule-based, and the time had already run when the Extension Order

25   was issued. No intervening rights of the HOA have vested.

26

27

28

**B. The one-year deadline is a strict statute of limitation**

At the heart of the dispute here is whether Rule 9024 conflicts with § 1328(e), and if so, whether the Rule must yield to the statute.

The time limit to file a complaint to revoke a discharge order is governed by § 1328(e), which states that: "[o]n request of a party in interest before one year after discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if—(1) such discharge was obtained by the debtor through fraud; and (2) the requesting party did not know of such fraud until after such discharge was granted." A plain-text interpretation of the statute indicates that the period to challenge a discharge is one-year from discharge.

However, Rule 9006(b)(1)(B) generally allows for a bankruptcy court to extend the time to act if "on motion made after made after the specified period expires, the failure to act within that period resulted from excusable neglect[.]" The question is whether Rule 9006(b)(1)(B) modifies § 1328(e)'s one-year limit such that the HOA could move for an extension of time in this case.

Neither party disputes that the Discharge Objection was filed outside the one-year limit proscribed by § 1328(e). The discharge order was entered on April 29, 2024, and the Complaint was filed on September 16, 2025.

Debtor argues that § 1328(e) sets a strict deadline, whereas the HOA argues that despite the explicit one-year deadline, the court may nevertheless exercise its Rule 9006(b)(1)(B) powers to

8

1    extend the time period due to the HOA's excusable neglect because

2    it was not aware of the alleged fraud in this case.

3         The HOA points to Rule 9006(b)(2) which states "[t]he court

4    must not extend the time to act under Rules 1007(d), 2003(a) and

5    (d), 7052, 9023, and 9024." Rule 9024 provides that Civil Rule

6    60 applies in a bankruptcy case except that "a complaint to

7    revoke a discharge in a Chapter 7 case must be filed within the

8    time allowed by § 727(e)[.]" Employing the common law principle

9    of "the inclusion one thing is the exclusion of the other," the

10   HOA argues that because Congress specifically mentioned Chapter

11   7 cases, but not Chapter 13 cases, no restrictions are placed on

12   § 1328(e). Therefore, according to the HOA, the Rules and

13   statute do not clash, and the court may still use its Rule 9006

14   powers to extend the time to revoke discharge in this case.

15        The court is not persuaded by the HOA's arguments. "The

16   time limitations with respect to the commencement of an action

17   to revoke a discharge must be strictly construed." *In re Ocasio*

18   *Serrano*, Case No. 17-03257 (ESL), 2021 WL 1287679, at *3 (Bankr.

19   D.P.R. Apr. 6, 2021). Equitable considerations do not allow a

20   bankruptcy court to contravene express provisions of the Code.

21   *Law v. Siegel*, 571 U.S. 415, 420-24 (2014). Here, there is a

22   clear statutory provision governing the time limitations to file

23   a complaint to revoke a discharge. The statute controls over

24   conflicting rule provisions.

25        The HOA relies on *In re Cisneros* for the proposition that

26   a bankruptcy court may flex its equitable muscles to fashion

27   relief under Rule 9024 where such relief would not otherwise be

28   possible under § 1328(e). *In re Cisneros*, 994 F.2d 1462 (9th

1  Cir. 1993). If so, according to the HOA's logic, it would follow

2  that the bankruptcy court would be able to utilize Rule 9006's

3  excusable neglect standard to extend the time period beyond one

4  year here.

5  The court cannot agree with the HOA's analysis. The court

6  does not interpret *Cisneros* as being so broad as to allow

7  bankruptcy courts to ignore the dictates of the Code. Rather

8  *Cisneros* is limited to the specific facts of that case.

9  The debtors in *Cisneros* had a Chapter 13 plan confirmed

10 which provided monthly payments to the Internal Revenue Service

11 ("IRS"). *Cisneros*, 994 F.2d at 1464. Although the IRS filed a

12 proof of claim in *Cisneros*, the Chapter 13 Trustee did not

13 receive notice of it, and therefore failed to remit monthly

14 payments to the IRS. *Id.* Sixteen months after confirmation of

15 the plan, the *Cisneros* debtors received a full discharge under

16 § 1328(a), with the IRS receiving no plan payments. *Id.* After

17 the debtors contacted the IRS seeking an abatement on the grounds

18 that their tax liabilities were discharged, the IRS refused their

19 request and filed a motion with the bankruptcy court asking the

20 court to reopen the Chapter 13 case and vacate its previous

21 discharge order under § 1328(a). *Id.*

22 Ultimately, the bankruptcy court granted the IRS's motion.

23 *Id.* at 1464. Both the BAP and the Ninth Circuit duly followed

24 and affirmed the bankruptcy court's decision. *Id.*

25 The court does not construe the holding of *Cisneros* to be

26 as broad as the HOA reads it, nor does it control here.

27 First, the issue in *Cisneros* was whether a bankruptcy court

28 could revoke a discharge for a reason other than fraud; the IRS

1  did not allege that it hadn't been paid because of any fraudulent

2  conduct, but rather due to the trustee's mistake or inadvertence.

3  Neither mistake nor inadvertence are included as a ground for

4  revocation under § 1328(e). Yet, nevertheless, the Ninth Circuit

5  found that "[t]he order of discharge was entered by the

6  bankruptcy court under a misapprehension as to the facts of the

7  case." *Id.* at 1467. As such, the Ninth Circuit took the view

8  that this was "precisely the sort of 'mistake' or 'inadvertence'

9  that Rule 60(b) was intended to reach." *Id.* Therefore, the

10  Ninth Circuit held that it was appropriate for the bankruptcy

11  court to utilize its equitable powers under Rule 9024. *Id.* at

12  1466 ("A Chapter 13 debtor's right to have his discharge revoked

13  only for fraud (and not on general equitable grounds or for some

14  reason that would justify revocation of a Chapter 7 discharge)

15  is in no way infringed when a court vacated an order of discharge

16  entered by *mistake*") (emphasis added).

17  But the HOA here does not claim that Debtor obtained his

18  discharge because of a mistake or inadvertence. In its

19  Complaint, the HOA only alleged that Debtor obtained his

20  discharge via fraud and sought relief under § 1328(e).

21  Therefore, *Cisneros* does not apply, and the court will not

22  circumvent § 1328's clear statutory language.

23  Second, in *Cisneros*, the debtors received their discharge

24  despite not making the plan payments to the IRS. As such, the

25  Ninth Circuit held that § 1328(e) did not even apply because "it

26  [was] by no means apparent why the [debtors] should be permitted

27  to invoke any rights established by section 1328(e) given that

28  they never satisfied the statutory requirements for earning such

11

1  rights." *Id*. at 1465-66.  "Section 1328(a) mandates the granting

2  of a 'full compliance' discharge 'after completion by the debtor

3  of all payments under the plan…"  and the debtors in *Cisneros*

4  had not "met this condition, and so cannot claim any right to

5  the discharge granted them."  *Id.* at 1466.

6      Here, though, Debtor completed all the payments under his

7  Plan as evidenced by the Trustee's Amended Final Report (Dkt.

8  110).  Therefore, Debtor is entitled to invoke his rights under

9  § 1328(e) since he earned them.  It is well established in this

10  circuit, as well as others, that the Bankruptcy Rules are subject

11  to the limitation that "[s]uch rules shall not abridge, enlarge,

12  or modify any substantive right." 28 U.S.C. § 2075; *In re Greene*,

13  223 F.3d 1064, 1070 (9th Cir. 2000).  To use Rule 9006 to modify

14  § 1328(e) would abridge rights that Debtor gained under that

15  statute.

16      Finally, and perhaps the most important critical fact that

17  distinguishes that case from this one, is that the IRS in

18  *Cisneros*  filed its motion to revoke discharge within one year

19  from the date of discharge; the *Cisneros* court never directly

20  addressed whether § 1328(e)'s time limit could be expanded via

21  Rule 9024 because the moving party there was still within the

22  statute of limitation.  *Id.* at 1467.

23      **c. The Motion to Strike and Discharge Objection**

24      Section 1328(e) is a "non-jurisdictional time bar" that is

25  "an affirmative defense that may be forfeited if not timely

26  raised."  *Weil v. Elliott*, 859 F.3d 812, 815 (9th Cir. 2017);

27  *see also*, *Ocasio Serrano*, 2021 WL 1287679, at *3 ("The time

28

1    limits in § 727(e) may not be jurisdictional but an affirmative

2    defense that may be forfeited if not timely raised.").

3        In this case, the time limitation in § 1328(e) was timely

4    raised by Debtor both in the main case via the Motion to Strike

5    and later in the Adversary Proceeding via the Motion to Strike

6    AP in opposition to the Revocation Objection.  Therefore, the

7    adversary proceeding was untimely and wrongly filed and must be

8    dismissed.

9    **Conclusion**

10       For the reasons stated above, the court will VACATE the

11   court's September 3, 2025 Order Granting Motion to Extend Time

12   to Revoke Discharge (Dkt. 151), GRANT Debtor's Motion to Strike

13   (Dkt. 132) and DISMISS the related Adversary Proceeding.

14                  **END OF MEMORANDUM DECISION**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>COURT SERVICE LIST</u>**

<u>Via U.S. Mail:</u>

Claude D. Wilkes Jr.

4683 Flagstaff Dr.

Folsom, CA 95630


<u>Via ECF:</u>

All ECF Recipients

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

14